A. H. SLOCOMB, Taxpayer, v. CITY OF FAYETTEVILLE.

(Decided December 5, 1899.)

*Municipal Bonds—Acts 1899, Chaps. 18, 118 and 195.*

1. Where a municipality has power to create a municipal debt, it has a right, by necessary implication, to levy the necessary taxes to pay it. The right to create a debt carries with it the duty to pay the same. *Charlotte v. Shepard,* 122 N. C., 602.

2. While the legislation of 1899, chaps. 18 and 118, may authorize the establishment of an electric light plant for the benefit of the citizens of Fayetteville, and, incidentally, for suburban residents, at uniform rates, it is questionable whether a town could engage in a business enterprise for the profit that might be made, or that it would be sustained, although sanctioned by an act of the Legislature and a majority of the town voters.

3. The pleadings are silent as to whether this legislation was passed according to the provisions of Art. II, sec. 14, and Art. VII, sec. 7, of the Constitution; if it was not, this decision will afford no protection to the bondholder.

ACTION for an injunction to enjoin the issuing of town bonds by Fayetteville to establish and operate a system of electric lights, also a system of water-works and sewage, heard before *Timberlake, J.,* at September Term, 1899, of CUMBERLAND Superior Court. The ground of the application alleged is that no provision was made in the Acts of 1899 for a special tax levy to pay the interest and create a sinking fund for the payment of the principal of the bonds authorized to be issued for the purpose.

His Honor refused the injunction. Plaintiff excepted and appealed.

*Mr. N. A. Sinclair,* for appellant.
*Messrs. H. L. Cook,* and *H. McD. Robinson,* for appellee.

FURCHES, J. The plaintiff alleges that the defendant corporation is about to issue $15,000, in 6 per cent interest bearing coupon bonds; that defendant has no authority in law to do so, and asks the Court for an injunction to prevent such issue. The defendant admits that it is about to issue the bonds, but denied the allegation that it is without authority of law; and alleges that by the Laws 1899, chap. 18, and chap. 118, the defendant was authorized to submit the proposition to the vote of Fayetteville; that this has been done and the same has been ratified by a majority of the qualified voters thereof; that under these acts of the Legislature, and this ratification and approval by the vote of the city, the defendant is fully authorized and justified in issuing the bonds; that upon these allegations of defendant, which were not denied, the Court refused to issue the injunction, and the plaintiff appealed.

We understand from the argument of plaintiff's counsel that he puts his contention upon the ground that there is no provision in chap. 118, or in chap. 18, for the levy of taxes to pay said bonds and the interest thereon. This seems to be true. Chap. 118 makes no provision for the levy of taxes for any purpose. And chap. 18 seems only to provide for the levying of taxes to defray the expenses of water-works.

But where a municipality has the power to create a municipal debt, it has a right to levy the necessary taxes to pay it. This power attaches by necessary implication. The right to create a debt carries with it the duty to pay the same. And, as a municipality has no means of paying, except by taxation, it necessarily has this power. *Charlotte v. Shepard,* 122 N. C., 602. This question we consider as settled law in this State, and it has given us no trouble in deciding this case.

But there are two other questions incidentally presented, and not discussed by counsel, that we think proper to mention. One of these is that this legislation not only provides for the establishing of an electric light plant for the benefit of the citizens of Fayetteville, but also for the purpose of furnishing lights, a *power,* to those not residents and citizens of the town. We see no objection to the town furnishing electric lights and power to its citizens for pay at uniform rates, as this is a means of local assessment, according to the special benefits received by such parties over that of the general public. And these assessments may be used for the support of the concern and the general benefit of the whole.

· But as to whether a municipal corporation could engage in a business enterprise (even to erect and run an electric light plant) for the profit that might be made, would be sustained, is questionable, even if an act of the Legislature authorized it, and the same had been approved by a majority of the voters of the town.

But it appears that the object of this legislation was to authorize the establishment of an electric light plant for the benefit of the citizens of Fayetteville. And the furnishing lights and *power* to the suburban population would be only incidental to the main purpose; we do not hold that this can not be done.

The other important question is this: It is not alleged or denied in either the complaint or answer, whether the acts, chap. 18 and chap. 118, were passed and ratified as required by Art. II, sec. 14, of the Constitution of this State, or not. This must have been done, to make the bonds valid. *Charlotte v. Shepard, supra.* And the determination of *this case* will not prevent that question from hereafter being presented; and while the judgment in this case might work an estoppel, we do not say it will as to the plaintiff Slocumb; it certainly would not as to other persons, not parties to this action.

We hesitated as to whether we should not hold that it was a burden on the defendant to show that these acts had been passed according to the provisions of Art. II, sec. 14, and Art. VII, sec. 7, of the Constitution. This question has not been settled by any direct adjudication. But in *Bank v. Commissioners,* 119 N. C., 214, and the other subsequent cases presenting this question, the parties objecting to the legality have assumed the burden of showing that the acts had not been passed according to the requirements of the Constitution. This is consistent with the legal maxim of *"omnia praesumunter rite esse acta"*—that it will be presumed they were legally passed, until the contrary is shown.

We therefore affirm the judgment appealed from. But if these acts were not passed according to the constitutional provisions cited above, parties taking the bonds may find no protection in this judgment.

Affirmed.