RODMAN-HEATH COTTON MILLS v. TOWN OF WAXHAW.

(Filed May 13, 1902.)

1. STATUTES—*Towns and Cities—Charter—Taxation—Constitution, Art. 2, Sec. 14—The Code, Sec. 3800—Acts (Private) 1889, Chap. 119—Municipal Corporations.*

Where a town charter is not passed in accordance with Art. II, Sec. 14, of the Constitution, such town can not levy any tax under said charter, but it may under The Code, Sec. 3800, levy taxes for necessary expenses.

2. STATUTES—*Part Valid—Part Invalid—Acts (Private) 1889, Chap. 119—Municipal Corporations.*

The Acts (Private) 1889, Chap. 119, incorporating the town of Waxhaw, is valid, though the provisions thereof relating to the power of taxation are invalid.

ACTION by the Rodman-Heath Cotton Mills against the Town of Waxhaw, heard by Judge *W. S. O'B. Robinson,* at Chambers, on April 3, 1901. From a judgment for the defendant, the plaintiff appealed.

*Adams & Jerome,* and *J. H. Pou,* for the plaintiff.
*Redwine & Stack,* for the defendant.

DOUGLAS, J. This is an action to enjoin the defendant from selling certain property belonging to the plaintiff, seized for non-payment of taxes, and to further enjoin the defendant from collecting any taxes under its present charter, on the ground that said charter was not passed in accordance with the provisions of Section 14 of Article II of the Constitution.

It being admitted that the said charter (Private Laws 1889, Chap. 119) was not so passed, it becomes a question of law as to the necessity of such a compliance. We see no reason why cities and towns may not be incorporated by an act passed in the ordinary legislative method. Article II, Sec. 23, of the Constitution provides that "All bills and resolu-

tions of a legislative nature shall be read three times in each House before they pass into laws; and shall be signed by the presiding officers of both houses." This Court has repeatedly held that the ratification of an act by the presiding officers of the two houses of the General Assembly, declaring it to have been read three times in each house, is conclusive evidence of such fact. *Carr v. Coke,* 116 N. C., 223, 28 L. R. A., 737, 47 Am. St. Rep., 801; *Bank v. Commissioners,* 119 N. C., 214, 222; *Commissioners v. Snuggs,* 121 N. C., 394, 400, 39 L. R. A., 439; *Commissioners v. DeRosset,* 129 N. C., 275; *Black v. Commissioners,* 129 N. C., 121.

It is equally settled by these and other cases that while such ratification is conclusive evidence of a compliance with Article II, Sec. 23, of the Constitution, it neither proves nor tends to prove any compliance with the provisions of Section 14 of the same Article. This section is as follows: *"No law* shall be passed to raise money on the credit of the State or to pledge the faith of the State, directly or indirectly, for the payment of any debt, *or to impose any tax* upon the people of the State, *or to allow the counties, cities or towns* to do so, unless the bill for the purpose shall have been read three several times in each house of the General Assembly, and passed three several readings, which readings shall have been on three different days, and agreed to by each house respectively, and unless the yeas and nays on the second and third readings of the bill shall have been entered on the Journal." We have repeatedly held that this section is mandatory and not directory, and that a failure to comply with its provisions is fatal to any statutory authority to levy a tax or create a debt. *Bank v. Commissioners,* and *Commissioners v. Snuggs, supra,; Thrift v. Elizabeth City,* 122 N. C., 31, 44 L. R. A., 427; *City of Charlotte v. Shepard,* 122 N. C., 602; *Mayo v. Commissioners,* 122 N. C., 5, 40 L. R. A., 163; *Commissioners v. Call,* 123 N. C., 308; *Commissioners v. Payne, Ibid.,* 432;

*Commissioners v. DeRosset* and *Black v. Commissioners,* *supra.*

This section of the Constitution makes no distinction whatever between "necessary expenses" and unnecessary or extraordinary expenses, and we have no power to create any such distinction by judicial construction. Such a distinction is made only in Article VII, Sec. 7, which is as follows: "No county, city, town or other municipal corporation shall contract any debt, pledge its faith, or loan its credit, nor shall any tax be levied or collected by any officers of the same, *except for the necessary expenses thereof,* unless by a vote of the majority of the qualified voters therein." (The italics are ours.)

We are therefore compelled to hold that no city or town can levy any tax or incur any debt for any purpose whatever, unless the act authorizing such tax or debt is passed in accordance with the provisions of Article II, Sec. 14, of the Constitution. Therefore, the charter of the town of Waxhaw, not having been so passed, confers no power of taxation.

As, however, this power of taxation can be eliminated from the act without destroying its validity as a charter (*Green v. Owen,* 125 N. C., 212, and cases therein cited), we are of opinion that said act incorporated the town of Waxhaw, which, by virtue of such incorporation, became at once subject to all the provisions and endowed with all the powers conferred generally upon towns and cities by Chapter 62 of the second volume of The Code. It is settled that The Code was passed in accordance with the provisions of Article II, Sec. 14, of the Constitution. The defendant has, therefore, for the purpose of meeting its necessary expenses, the powers of taxation set out in Section 3800 of The Code, subject, however to the restrictions contained in its charter. Such charter, while incapable of conferring the power of taxation, may *restrict* such general power in accordance with Article VII,

Sec. 4, of the Constitution, which is as follows: "It shall be the duty of the Legislature to provide for the organization of cities, towns and incorporated villages, and to restrict their power of taxation, assessment, borrowing money, contracting debts and loaning their credit, so as to prevent abuses in assessments, and in contracting debts by such municipal corporations."

Some of the decisions of this Court have assumed the power of taxation for necessary expenses possessed by counties and towns without pointing out the provisions of the Constitution and of The Code, whence came such power; but all such decisions were rendered in contemplation of existing law.

The judgment of the Court below is
Affirmed.


FURCHES, C. J., concurring in conclusion. I concur in the conclusion reached in the opinion of the Court that the judgment appealed from should be affirmed. But I do not agree to the argument by which that conclusion is reached. And as it involves a question of constitutional law, it seems proper that I should state some of the reasons for my disagreement.

I will not enter into an argument of the question, but it seems to me that the Court has failed to distinguish the difference between an act of incorporation and an act to levy taxes. One is an act to subdivide the political powers of the State—to create an entity, clothed with a part of sovereign powers of the State. It is nothing, and can do nothing, until it is created. But when it is thus erected into a county or a city or a town, it then becomes a sovereign to a limited extent, clothed with its powers and subject to its obligations and duties to the public. It can not lawfully disregard either. It was created for a public good, and, as a sovereign (in its limited extent) it has the power of self-preservation. And it can not continue to exist without means to pay its *necessary*

*expenses.*    These can only be had by the levy and collection of taxes.

There is no provision of the Constitution requiring or providing that the Legislature shall give a municipal corporation power to levy and collect taxes.    But it seems to be assumed that such corporations have the power of taxation.    And wherever taxation is mentioned in the Constitution, with reference to municipal corporations, it is to *restrict their powers,* and not to grant them.    This is so in Article VII, Sec. 7, and it is so in Article VIII, Sec. 4, which provides for the organization of cities and towns, "and to restrict their powers of taxation."    Can it be that the framers of the Constitution intended that such bills, as are provided for in these sections, should be read on three several days and the yeas and nays called and recorded on the two last readings?    If so, why did not the Constitution say so?    Because they are not bills to raise revenue.

Section 14, Artice II, of the Constitution, in my opinion, has nothing to do with the legislation to create a municipal corporation.    If the views expressed in the opinion of the Court are correct, I venture to say that not a county, city or town in the State has been properly incorporated.    And if what is said is true as to towns and cities, it must be true as to counties.    If the views of the opinion are correct, no county, city or town had any right to levy any tax until The Code of 1883.

I am in favor of sustaining the provisions of the Constitution where they properly apply to taxation, but I am not willing to carry it to legislation to which it does not apply, and to my mind makes it an absurdity.

CLARK, J., concurring.    The authorities as to the power of county taxation are thus analyzed and summarized in *Tate v. Commissioners,* 122 N. C., at page 815, and *Herring v.*

COTTON MILLS *v.* WAXHAW.

*Dixon, Ibid,* 424, which have been often cited on this point and approved:

> A. For necessary expenses, the County Commissioners may levy up to the constitutional limitation without a vote of the people or legislative permission.

> B. For necessary expenses, the County Commissioners may exceed the constitutional limitation by special legislative authority, without a vote of the people.— *Constitution, Article V, section 6.*

> C. For other purposes than necessary expenses, a tax can not be levied either within or in excess of the constitutional limitation except by a vote of the people under special legislative authority.—*Constitution, Article VII, section 7.*

This being a city, there is a constitutional limitation, and the only restriction is legislative, hence only the third clause of the above summary applies, and when no legislative restriction is violated, the city or town can levy for necessary expenses. When the object is for other than necessary expenses, no debt can be incurred or tax levied except by a vote of the people under special legislative authority.

The act of incorporation of a city or town does not come within the requirements of Section 14, Article II, of the Constitution, but *eo instanti* that a municipal corporation is created, it has the power of taxation for necessary purposes conferred by The Code, in the absence of any restrictions imposed by the act creating it.