JOHN J. PAUL, Collector, *vs.* B. D. E. HUSE.

Knox.   Opinion December 14, 1914.

*Assessment.   Bonds.   Collector.   Loan.   R. S., Chap. 86, Sec. 30.   R. S., Chap. 4, Sec. 9.   Tax.*

In an action of debt, brought by the collector of the Camden Village Corporation to recover taxes assessed against the defendant for the years 1912 and 1913.

*Held:*

1.   That where a municipality is granted the power to create a municipal debt, and no other provision is made for its payment, it has the implied power to levy the necessary taxes to pay it.   The one is the complement of the other. The right to borrow carries with it the obligation to pay, and as a municipality has no means of paying its indebtedness except through taxation it necessarily has this power.

2.   Warrants for calling corporation meetings may be signed and directed either in accordance with the charter requirements or as provided by R. S., Chap. 4, Sec. 9, if the corporation has designated at what and how many places the notices shall be posted.   The corporation is not required to use the statutory method alone.

3.   The assessments were not rendered invalid by the fact that the assessors did not make up an original and independent assessment but simply copied the valuation as made by the assessors of the town.

4.   The error of the assessors, in so doing was not such an omission or defect as went to their jurisdiction or deprived the defendant of any substantial right, and therefore did not defeat his liability in this form of action.

On report.   Judgment for plaintiff for $25.08 and interest from date of writ.

This is an action of debt, brought by the plaintiff as collector of taxes of Camden Village Corporation against the defendant, an alleged tax payer of said corporation.   Plea, is the general issue.   At the conclusion of the evidence, by agreement of parties, this case was reported to the Law Court on an agreed statement of facts for final determination, the Law Court to render such final judgment therein as the law and the evidence require.

The case is stated in the opinion.

*Reuel Robinson,* for plaintiff.

*Montgomery & Emery,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

CORNISH, J: Action of debt brought by the collector of the Camden Village Corporation to recover taxes assessed against the defendant for the years 1912 and 1913. Three points are pressed in defense.

1. First, that the charter of the Village Corporation and the amendments thereto do not authorize an assessment for the payment of the debt, either principal or interest, incurred by the corporation under legislative authority, for the erection of a village hall building.

The Camden Village Corporation whose original charter was granted in 1867, was subsequently "authorized and vested with power to raise by loan, for the purpose of rebuilding or assisting in rebuilding its village hall building, destroyed by fire, and for furnishing the same, said loan not to exceed thirty thousand dollars, and to issue its bonds for said purpose, on such terms and at such rate of interest as said corporation may vote, &c." Priv. and Sp. L. 1893, Chap. 407. The corporation accepted the Act and raised the requisite amount by loan, of which the sum of $26,600 is still outstanding, and the assessments of 1912 and 1913, of which the defendant is asked in this suit to pay his proportionate share, were made for the purpose of paying the interest or the interest and a portion of the principal on these Village Hall bonds. The learned counsel for the defendant urges that as the Act does not in express terms provide for the assessment of taxes with which to meet either principal or interest, the Corporation had no power to make the assessment. The answer to this contention is that where a municipality is granted the power to create a municipal debt, and no other provision is made for its payment, it has the right to levy the necessary taxes to pay it, and the power attaches by necessary implication. The one is the complement of the other. The right to borrow carries with it the obligation to pay, and as a municipality has no means of paying its indebtedness except by taxation it necessarily has this power. *State v. Bristol,* 109 Tenn., 315; *Wilson v. Florence,* 40 S. C., 426; *Char-*

*lotte* v. *Shepard*, 122 N. C., 602; *Slocomb* v. *Fayetteville*, 125 N. C., 362; *Lowell* v. *Boston*, 111 Mass., 454, 460; *U. S.* v. *New Orleans*, 98 U. S., 381. Any other interpretation would work a fraud upon the public who in good faith purchase the authorized bonds. A bond is itself evidence of indebtedness and an obligation to pay, and yet it is argued that while the legislature has authorized the issue and thereby permitted the corporation not only to borrow the money but to become legally indebted therefor, it has failed to open the only avenue by which that indebtedness can be met. Such a position is untenable.

It is suggested however that the holders of the bonds should look to the property into which their money has gone, as their security, in this case the town hall building, and that the income therefrom should be applied to the payment of the interest. This plan would be somewhat difficult of execution in case the bonds were issued for municipal purposes like sewers or street improvements; but the fatal objection to it is that the bonds represent the unsecured indebtedness of the municipality, and in case of non-payment the holder may sue the municipality, irrespective of the purpose for which they were issued, and all the goods and chattels of the inhabitants, and all the real estate situated therein, are subject to execution sale to satisfy the same. R. S., Chap. 86, Sec. 30. Such a suit was brought and recovery had upon interest coupons on scrip issued by the town of Houlton in aid of the Houlton Branch Railroad Company, the Act authorizing the town to issue the scrip being entirely silent as to the assessment of taxes with which to pay the same. Priv. and Sp. L. 1867, Chap. 287. *Deming* v. *Houlton*, 64 Maine, 254. The first objection raised by the defendant is without merit.

2. The second contention is that the warrants for the corporation meetings of 1912 and 1913 were not legally directed and posted and no legal return upon them was made. These warrants were signed by the assessors of the corporation, were directed to the legal voters of the corporation, were duly posted in two public and conspicuous places within the corporation limits seven days prior to the meetings, and the returns were duly signed by the assessors. This method was in exact accordance with the charter requirements for all meetings after the first. Priv. and Sp. L. 1867, Chap. 266, Sec. 7.

But the defendant calls attention to R. S., Chap. 4, Sec. 9, which provides as follows: "The meetings of any village corporation may

be notified by the person to whom the warrant is addressed, by posting attested copies in two or more public and conspicuous places within the corporation limits seven days before the meeting, instead of in the manner provided by the Act creating such corporation; provided that such corporation shall first at a legal meeting designate at what and how many places such notices shall be posted." There is no evidence that the Camden Village Corporation has complied with this proviso and has designated at a legal meeting "at what and how many places such notices shall be posted," unless it is embraced in the admission in the agreed statement of facts, "that the Corporation had acted on all general and special laws relating to Village Corporations." It may be doubted whether this was intended to include the point now under discussion. But, if it was, the corporation was not bound to use the statutory method alone. The statute simply gives it the option to do so if it chooses. "The meetings of any village corporation may be notified" etc. If accepted and the places actually designated the corporation would not be thereby absolutely deprived of using the method designated in its charter. The meetings were legally called.

3. The defendant finally contends that the assessments were invalid because the assessors in both years did not make up an original and independent assessment, but simply copied the valuation as made by the assessors of the town of Camden. The charter provision relating to assessment is as follows: "Any money raised by said corporation for the purposes aforesaid, shall be assessed upon the property and polls within the territory aforesaid, by the assessors of said corporation in the same manner as is provided by law for the assessment of county and town taxes; and said assessors may copy the last valuation of said property by the assessors of the town of Camden and assess the tax thereon, if said Corporation shall so direct" etc., Sec. 3.

It is admitted that the Corporation had not "so directed," but this error on the part of the assessors is not sufficient to create a defense to this suit. We need only to quote the rule adopted in this State in this class of actions, that "this not being a case where the defendant's person or property is levied upon by direct warrant from the assessors, but being, instead, an action for the tax, the action will not be defeated by any mere irregularities in the election of assessors or collector, or in the assessment itself, but only by such omissions

or defects as go to the jurisdiction of the assessors, or deprive the defendant of some substantial right, or by some omission of an essential prerequisite to the bringing of the action." *Greenville* v. *Blair*, 104 Maine, 444; *City of Rockland* v. *Farnsworth*, 111 Maine, 315.

The omission here falls within the non-jurisdictional and harmless class.

> *Judgment for plaintiff for $25.08*
> *and interest from date of the writ.*