BOARD OF COMMISSIONERS OF EDGECOMBE COUNTY
v. PRUDDEN & COMPANY, INC.

(Filed 31 May, 1924.)

**Schools—Bonds—Taxation—In What Name Bonds to be Issued—Statutes.**

> Chapter 136, Public Laws 1923, was passed to make a uniformity of issue of bonds by school districts for the acquisition and maintenance of its buildings, etc., for school purposes, and, to effectuate its purpose, prescribed that the bonds so issued shall be in the name of the county, payable exclusively out of the taxes to be levied in the districts solely benefited; repealing in this respect the provisions of the statute of 1921; and such bonds issued contrary thereto are void.

APPEAL by plaintiff from *Bond, J.,* at April Term, 1924, of EDGE-COMBE, on a case agreed.

On 2 July, 1923, the Board of Education of Edgecombe County petitioned the board of county commissioners to call a special election in the Leggetts Consolidated School District, said county, to ascertain the will of the voters therein as to whether or not bonds of said district should be issued in an amount not to exceed $30,000, and as to the levying of a sufficient tax for the payment thereof, for the purpose of acquiring, erecting, enlarging, altering and equipping school buildings and purchasing sites in such district, or for any one or more of said purposes; said petition being made in accordance with section 257, chapter 136, Public Laws 1923.

The election was held on 21 August, 1923, and was carried, and on 20 December the bonds were sold to the defendant at the contract price of $31,576 and the interest accrued to the date of delivery.

All proceedings up to and including the sale of said bonds were due and regular and in accordance with article 22, chapter 136, Public Laws 1923, and said bonds are within every limit of debt prescribed by law.

Said bonds, in the form hereto attached and made a part of the case agreed, dated 1 January, 1924, in the aggregate sum of $30,000, in denomination of $1,000 each, bearing interest at the rate of 6 per cent per annum, payable semiannually on the first day of July and January after issue, and in accordance with interest coupons thereto attached, being serial bonds, and becoming due and payable as follows: one each year, beginning 1 January, 1927, to 1952, inclusive, and two each year, beginning 1953, to 1954, inclusive, were duly issued.

Said bonds, so issued and signed by the chairman of the board of county commissioners, with the seal of the county impressed on each bond, and attested by the clerk of said board, were duly tendered to said defendant, in accordance with the contract of sale, and payment therefor demanded, and said defendant refused to accept said bonds and pay the contract price therefor.

The defendant refused to accept said bonds and make payment therefor, for that the same are not valid obligations of the Leggetts Consolidated School District, for that, first, the statute (section 258, Public Laws 1923, ch. 136), under which said bonds are issued, is ambiguous, vague, uncertain and, for these reasons, void; and, second, if said section be valid, the said bonds as tendered are not in form as authorized by said section.

It is agreed that if the court shall be of opinion with the plaintiff, judgment shall be entered requiring the defendant specifically to perform its said contract; but if the court be of the opinion with the defendant, the necessary judgment shall be entered dismissing the action.

COMMISSIONERS *v.* PRUDDEN.

The form of the bond is as follows:

## STATE OF NORTH CAROLINA

### COUNTY OF EDGECOMBE

Leggetts Consolidated School District School Bond

No. . ........                                                        $1,000.00

For value received, the Leggetts Consolidated School District of Edge-combe County, North Carolina, hereby promises to pay to the bearer the sum of one thousand dollars on the first day of January, 19.. ...., with interest meanwhile at the rate of six per cent per annum, payable semiannually to the bearer of the coupons therefor, hereto annexed, upon presentation and surrender thereof as they severally mature, both prin-cipal and interest being payable at the Hanover National Bank, New York, N. Y.

This bond is issued by virtue and in pursuance of article 22, chapter 136, of the Public Laws of North Carolina, Session 1923, and it is hereby certified that every requirement of law relating to the issue hereof has been duly complied with, and that this bond is within every debt and other limit prescribed by the Constitution or laws of North Carolina.

In witness whereof, the Board of Commissioners of Edgecombe County, acting for and in behalf of the Leggetts Consolidated School District, have caused the seal of the county to be hereto affixed, and this bond to be signed by its chairman and clerk, and the annexed interest coupons to bear the *facsimile* signature of the said chairman, and this bond to be dated 1 January, 1924.

J. V. COBB,
*Chairman of the Board of County Commissioners
of Edgecombe County.*

M. B. BUNN,
*Clerk of the Board of County Commissioners
of Edgecombe County.*

### INTEREST COUPON

No............                                                        $30.00

The Leggetts Consolidated School District, Edgecombe County, North Carolina, will pay the bearer on the first day of July (January), 19 ....., thirty dollars, at the Hanover National Bank, New York, N. Y., for six months interest then due on its school bond dated 1 January, 1924.

No... ........ .                                                      J. V. COBB,
*Chairman of the Board of County Commissioners
of Edgecombe County.*

Upon the facts agreed, his Honor dismissed the action, and the plaintiff appealed.

*Henry C. Bourne for plaintiff.*
*Lyn Bond for defendant.*

ADAMS, J.   The defendant submits two propositions—first, that the form of the bonds is not such as the statute requires; and, second, that the provision in regard to the issuance and payment of the bonds is indefinite, uncertain, and void.   If the first proposition is sound, the second need not be considered. ·

Prior to the adoption of the act codifying the laws relating to public schools, the trustees of a school district were authorized to issue the bonds of such district in its corporate name.   Public Laws 1919, chs. 143, 308; Public Laws, Extra Session 1920, ch. 87, secs. 1, 2; *School Com. v. Board of Education,* 186 N. C., 643, 648.   At the session of 1921 the Legislature provided that bonds thereafter issued by or on behalf of a school district should be issued either in the name of such corporation or in the name of any incorporated official board or body authorized to issue such bonds, or in such other manner as should be authorized by law.   Public Laws 1921, ch. 133, sec. 4.

It was probably with a view to securing uniformity in all bonds issued pursuant to an election held in a county, special-taxing district, or local-taxing district, for the purpose of acquiring, erecting, enlarging, altering, and equipping school buildings and purchasing sites, that the General Assembly, at the session of 1923, passed an act prescribing in what manner such bonds should be issued, and repealing all laws in conflict with it.   Public Laws 1923, ch. 136.   This conclusion may be deduced from the obvious purport of the various statutes.   Section 257 provides that whenever the county board of education shall so petition, the board of county commissioners shall order a special election to be held for the purpose of voting upon the question of issuing bonds; and section 258, "If a majority of the qualified voters of said county or district shall vote in favor of the issuance of such bonds and the levy of said tax, then the board of county commissioners shall have power to issue the said bonds, which shall be issued in the name of the county; but unless the election was held in the entire county, they shall be made payable exclusively out of taxes to be levied in the district."

In the instant case the bonds have been issued in the name of "Leggetts Consolidated School District of Edgecombe County."   The school district, not the county, has promised to make payment to the bearer. The bonds, therefore, have not been issued in conformity with the statute, and the defect is not cured by affixing to the bonds the signature of

the chairman and the clerk of the board of county commissioners. The bonds, as pointed out in the statute, should be issued in the name of the county, and should show upon their face that they are payable exclusively out of taxes to be levied in the district. The defect is fatal, and the action was properly dismissed. *Comrs. v. Call,* 123 N. C., 308, 319; *Comrs. v. Payne,* 123 N. C., 432, 490; *Comrs. v. De Rosset,* 129 N. C., 275, 280; 9 C. J., 24; 35 Cyc., 993. The judgment is
Affirmed.