M. E. ROBINSON v. CITY OF GOLDSBORO.

(Decided May 24, 1898).

*Municipal Corporations—Contracting Debt—Issue of Bonds—Election—Repeal of Statute.*

1. The fact that, at a municipal election held on the question of issuing $50,000 bonds "for a system of sewerage and other public improvements" there was an adverse vote, did not exhaust the power of the municipality to hold another election on the question whether bonds to the amount of $30,000 should be issued "for the purpose of constructing a system of sewerage."

2. Where an Act of the General Assembly confers authority upon a town to establish a sewerage system and to issue bonds therefor "as and when the board of Aldermen may determine," the latter words imply a continuing authority to submit the question to a vote of the people.

3. Repeals of statutes are not to be implied and when an Act professes to repeal a former statute and, at the same time, to re-enact it in its own or similar terms, there is no repeal.

CIVIL ACTION for an injunction to restrain the issue of bonds by the City of Goldsboro for the establishment of a sewerage system, heard by consent before *Adams, J.*, at CHAMBERS, at Kinston, on the 13th day of May, 1898. The injunction was refused and plaintiff appealed. The facts and the grounds upon which the injunction was asked appear in the opinion.

*Mr. I. F. Dortch*, for plaintiff (appellant).
*Messrs. Allen & Dortch*, for defendant.

FAIRCLOTH, C. J.: This action, by a resident taxpayer, is to enjoin the city of Goldsboro from issuing bonds and levying a tax, to pay the interest semiannually, and the principal at maturity, for the purpose of constructing a system of sewerage for said city.

The Act of 1891, Chapter 61, passed in strict conformity to the requirements of the Constitution, Section 1, for the purpose of providing a system of sewerage for the City of Goldsboro, or of making other public improvements . . . or for either or both of such purposes "as and when the board of Aldermen may determine," authorizes and empowers the board to issue its bonds from time to time not to exceed in the aggregate $40,000. Section 4 requires the Board annually to levy a particular and specified tax to pay said bonds. Section 5 requires, before issuing any of such bonds, that the question upon notice, shall be submitted to the qualified voters of said city. An amendatory Act, Chapter 107, Acts 1893, ratified February 25, 1893, which was not passed as required by Article II, Section 14 of the Constitution, in Section 4 enacts "That Section one, line seven (7) of Chapter Sixty-one of the Private Laws of eighteen hundred and ninety-one be amended by striking out the words forty thousand and inserting in lieu

thereof the words 'fifty thousand,' and, as thus amended, that Sections one, two, three, four and five of said Chapter be and the same are hereby re-enacted."

The resolution of the board, to hold an election on May 2, 1898, was under the Act of 1891, Chapter 61, amended by the Act of 1893, Chapter 107 to vote on issuing bonds in the sum of $30,000, for the purpose of constructing a system of sewerage" and of levying a tax, etc. The notice of such election was in the same language, and that the electors would vote "approved" or "disapproved." At the time of said election the number of qualified voters was 1,009 and a majority voted "approved." It appears in the record that on March 13, 1893, an election was held "for a system of sewerage and other public improvements" for issuing bonds in the sum of $50,000 and a majority voted "disapproved."

His Honor dissolved the restraining order and held that the city had power to issue the bonds and plaintiff appealed.

Two questions are presented to this Court (1) Did the election held March 13, 1893, exhaust the power of the defendant, or could the board hold another? To the average mind it would seem that it did not. The first was for a double purpose, to-wit, an issuance of bonds for $50,000, for sewerage and other improvements not specified. The second was for a single object specified and for a definite sum. The object and conditions were not the same in the two instances.

In *Caldwell* v. *Justices of Burke*, 57 N. C., 323, it was held that under a railroad charter, amended at a subsequent session, authorizing a stock subscription by the county, the justices could submit the proposition for approval, although a former proposition had been sub-

mitted to the voters and rejected, and so, *toties quoties,*
according to emergencies.   This decision has been ap-
proved several times and is conclusive of the present
question.   The words in Section 1 "as and when the
board of Aldermen may determine," imply continuing
authority to submit the question.

(2)   Does the passage of the Act of 1893, Chapter
107, without complying with the constitution, Article
II, Section 14, and without three several readings, etc.,
affect the question?   If that Act had never been passed
no one would doubt the existence of the power under
the Act of 1891, Chapter 61.   The Act does not profess
to repeal anything, and repeals are not to be implied.
The Act (Section 4) amends the former Act only as to
the amount of the bonds that may be issued, and ex-
pressly re-enacts Sections 1, 2, 3, 4, and 5 of the Act of
1891.   Those are the Sections that confer the power to
issue bonds and levy taxes under their prescribed regu-
lations.   The point, then, is whether repealing and re-
enacting at the same time, a former statute, does repeal
it.   All good authorities are to the contrary.   "Where
a law is amended and re-enacted, those parts of the law
simply repealed are not repealed and re-enacted, but
are considered to have continued in force from the be-
ginning."   23 Am. & Eng. Enc., 285 and authorities
cited.   This Court has repeatedly held "that if the
Legislature enacts a law in the terms of the former one,
and at the same time *repeals* the former, this amounts
to a reaffirmance of the former law, which it does not,
in legal contemplation, repeal.   The provision is con-
tinued without any intermission."   *State* v. *Williams,*
117 N. C., 753; *Wood* v. *Bellamy,* 120 N. C., 212.   These
authorities more than cover the ground in this case.
Here, nothing is repealed and the Sections 1, 2, 3, 4, and

5 re-enacted, were not and had not been repealed, and needed no help. They contained full authority for issuing bonds to the amount of $40,000 and they confer no power now to issue any larger amount. "Local option" laws ought to be liberally construed, to the end that the object and will of the corporate voters may be enforced. If the qualified voters of a municipal corporation desire to tax themselves for their own convenience, comfort and health, the common sense view is, that they should be allowed to do so, by every reasonable intendment of the legislation under which they are authorized to do so.

The *power* to contract and to levy the tax being conferred, and the consent of the tax payer fairly obtained, it is difficult to see how the Courts could restrain the *exercise* of such power. We see no error in the record and the judgment below is affirmed.

Affirmed.