A. LESLIE HARWOOD, JR., ADMINISTRATOR, v. A. J. MAXWELL, COMMISSIONER OF REVENUE.

(Filed 2 February, 1938.)

**Taxation § 28—Federal taxes not deductible under provisions of State statute may be computed according to later Federal amendment changing rates.**

It is proper for a State statute levying inheritance and transfer taxes to refer to a Federal statute in allowing deductions for amounts paid the Federal Government in estate taxes and in excepting from deductible

HARWOOD v. MAXWELL, COMR. OF REVENUE.

amounts additional taxes levied by the Federal Government under a Federal Act effective on a certain date, and a taxpayer relying on the State statute for the right to make deductions may not complain that additional Federal taxes not deductible, ch. 445, sec. 7, Revenue Act of 1933, were computed according to an amendment of the Federal Act changing the schedule of rates but depending upon the original act for the tax-levying provisions, although the amendment was enacted subsequent to the enactment of the State Revenue Act, since in such case the additional Federal estate taxes are levied by the original Federal Act, although the amount thereof is computed under the amendment changing the schedule of rates.

APPEAL by plaintiff from *Johnston, J.,* at May-June Term, 1937, of BURKE.

Civil action to recover back alleged overpayment of inheritance tax.

The facts are not in dispute. On 21 October, 1934, J. Frederick Kistler, a resident of North Carolina, died domiciled in Burke County, and a few days thereafter, the plaintiff duly qualified as administrator of his estate.

The plaintiff filed with the defendant Commissioner of Revenue an inheritance and estate tax inventory, showing a deduction of $3,244.12 tentative estate taxes levied by the Federal Government under the 1926 Federal estate tax law, which is not in dispute.

Thereafter, the plaintiff paid to the Federal Government "additional estate taxes," amounting to $57,017.65, under "Acts of Congress applicable thereto," and proceeded to claim as a deduction from decedent's gross estate the amount thus paid to the Federal Government as additional estate taxes.

This deduction was disallowed, whereupon on 1 June, 1936, the plaintiff paid under protest $7,927, the amount of taxes represented by the difference between allowing and disallowing the deduction in question, and proceeded agreeably to the terms of the statute, to preserve his rights, and this action is to recover back the alleged overpayment with interest and costs.

From judgment dismissing plaintiff's action, he appeals, assigning error.

*Harwood & Spalding and Mull & Patton for plaintiff, appellant.*

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for defendant, appellee.*

STACY, C. J. The case presents a question of statutory construction.

It is provided by the Revenue Act of 1933, ch. 445, sec. 7, Public Laws 1933, that in determining the clear market value of property taxed under the inheritance tax article, "the following deductions, and no

others, shall be allowed: . . . Federal estate taxes, except additional estate taxes levied by Act of Congress, effective 6 June, 1932."

It is agreed that the Federal taxes here in question, which plaintiff claims the right to deduct from decedent's gross estate, were "additional estate taxes" levied by "Acts of Congress applicable thereto."

The schedule of additional estate taxes levied by Act of Congress, effective 6 June, 1932, was changed by amendment effective 11 May, 1934, and a new schedule substituted therefor. The tax-levying provision of the 1932 act, however, was not reënacted, but remained unchanged, and the effectiveness of the 1934 schedule is dependent upon the tax-levying provision of the 1932 act. The taxes in question were computed under the 1934 schedule, as plaintiff's intestate died after its adoption.

The controversy arises over whether these additional estate taxes were levied by Act of Congress effective 6 June, 1932, within the meaning of the Revenue Act of 1933.

It is the contention of the plaintiff that the additional estate taxes here in question were levied by Act of Congress effective 11 May, 1934. The defendant contends that they were levied by Act of Congress effective 6 June, 1932, the rate being determined by the 1934 amendment. The question, then, becomes quite a practical one in computing the amount of inheritance tax due under the State law. If plaintiff's contention be correct, decedent's gross estate is to be reduced by the amount thus paid to the Federal Government as additional estate taxes. If defendant's contention be correct, such reduction is not to be made. This much is conceded.

It will be observed that the 1934 amendment is not complete within itself. It simply changes the schedule of rates in the 1932 act, and is entirely dependent upon the original act for its revenue-producing force and effect. Hence, it seems proper to say that the additional estate taxes here in question were levied by Act of Congress effective 6 June, 1932. *U. S. v. La France,* 282 U. S., 571. It was by this act that the taxes were levied, the rate alone being affected by the amendment. *Robinson v. Goldsboro,* 122 N. C., 211, 30 S. E., 324. In other words, where the schedule of rates in a revenue act is changed by amendment, with the force and effect of the law left dependent upon the tax-levying clauses in the original act, it is proper to say that the taxes levied thereunder, while computed according to the revised schedule, are levied by the original act. 25 R. C. L., 907; 59 C. J., 1096.

The appropriateness of this kind of legislation, within constitutional bounds, was considered in the case of *Hagood v. Doughton,* 195 N. C., 811, 143 S. E., 841, and what is there said may be regarded as answer

to plaintiff's challenge here. Indeed, plaintiff's right to any deduction depends upon the validity of the legislation in question. His objection is not to the principle of cross reference used in the statute, but to what he calls an extension of the exception contained therein. Note, 63 A. L. R., 1096. We think the action must fail.

Affirmed.