CARL B. FERGUSON, executor, *vs.* COMMISSIONER OF
CORPORATIONS AND TAXATION.

Norfolk.   May 15, 1941. — June 2, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Taxation,* Succession tax. *Constitutional Law,* Taxation. *Power. Devise and Legacy,* Power. *Statute,* Construction, Repeal. *Executor and Administrator,* Appointive property, Succession tax.

An assessment of a succession tax on appointive property passing to a beneficiary in 1936 on the death of the donee of a power created by the will of one who died before 1907, where individual property of the donee also passed to the same beneficiary under the donee's will, could not be sustained under G. L. (Ter. Ed.) c. 65, § 2.

General Laws (Ter. Ed.) c. 65, § 2, should be construed as not imposing a succession tax on appointive property which in 1936, on the death of the donee of a power created by the will of one who died before 1907, passed to a beneficiary unaccompanied by individual property of the donee.

An additional succession tax could not validly be assessed under St. 1936, c. 397, upon appointive property passing to a beneficiary in 1936 on the death of the donee of powers created by wills of persons who died in 1892 and 1900, respectively.

Property which the donee of powers created by the wills of persons who died in 1892 and 1900, respectively, appointed to strangers to the blood of the donors by an appointment effective on the death of the donee in 1936, became at that time, if of sufficient value, subject to a succession tax under St. 1891, c. 425, as amended, and St. 1902, c. 473.

St. 1891, c. 425, as amended, and St. 1902, c. 473, were not repealed by St. 1909, c. 527, § 8, so far as they relate to property passing by the exercise or nonexercise of powers of appointment created by wills of persons dying after the effective date of St. 1891, c. 425, and before September 1, 1907.

The executor of the will of a donee of a general power of appointment, upon receiving for distribution the appointive property from the trustee under the will of the donor and agreeing to pay the taxes thereon and subsequently paying a succession tax assessed thereon, was not entitled, on petition under G. L. (Ter. Ed.) c. 65, § 27, to have the entire amount of such tax abated, but merely a portion thereof in excess of the amount properly assessable.

PETITION, filed in the Probate Court for the county of Norfolk on October 6, 1937.

The case was heard by *Poland*, J.

*G. L. Dillaway*, for the petitioner.

*H. E. Magnuson*, Assistant Attorney General, for the respondent.

FIELD, C.J. This petition was brought in the Probate Court by the executor of the will of Albertina von Arnim, late of Brookline, against the commissioner of corporations and taxation, herein referred to as the commissioner. It was originally in the form of a petition for instructions under G. L. (Ter. Ed.) c. 65, § 30, but by amendment it was changed to a petition for abatement of legacy and succession taxes under § 27. No question is now raised as to the propriety of this amendment and we consider the petition as a petition for abatement. The case was heard in the Probate Court for final determination upon the petition, as amended, and an agreed statement of facts, which were found to be true, and was reported for the consideration of this court under G. L. (Ter. Ed.) c. 215, § 13.

The testatrix died October 12, 1936, leaving a will which was duly proved and allowed April 9, 1937. The testatrix had a general power of appointment under the will of her mother, Elizabeth C. von Arnim, who died November 6, 1892, and a general power of appointment under the will of her father, Theodore F. von Arnim, who died December 2, 1900. The will of the testatrix was divided into three sections described respectively as "Section 1. Disposition of My Own Estate," "Section II, Disposition of My Interest in My Mother's Estate," and "Section III. Disposition of My Interest in My Father's Estate."

Legacy and succession taxes amounting to $14,309.77 were certified to the petitioner and were paid by him. Included in this amount of legacy and succession taxes are such taxes on successions described in five subdivisions of paragraph 11 of the petition, as amended (here numbered for convenience [1], [2], [3], [4] and [5]) — which, in this respect, the parties agreed were true — as follows: (1) "Legacy of $3,000 to Xoa M. Shafer under power of appointment by Albertina von Arnim from the estate of Elizabeth C. von Arnim, the tax on which was assessed at the

rate of 5% and 10% additional, and paid by your petitioner as executor in the sum of $165"; (2) "Legacy of $2,000 to Margaret E. Gleason under said power of appointment, the tax on which was assessed at the rate of 5% and 10% additional, and paid by your petitioner as executor in the sum of [$] 110"; (3) "Legacy of $5,000 to Edith C. Baker under said power of appointment, the tax on which was assessed at 5% and 10% additional, and paid by your petitioner as executor in the sum of $275"; (4) "Legacy of $5,000 and devise of the residue of $69,731.08 or a total of $74,731.08 to Carl B. Ferguson under said power of appointment on which tax was assessed at the rate of 5% on the first $10,000; 6% on the next $15,000; 7% on $25,000 and 8% on $24,-731.08 which with the 10% additional tax, was paid by your petitioner as executor in the total sum of [$] 5,641.34"; (5) "Legacy assessed at $4,575.78 to Xoa M. Shafer under power of appointment by Albertina von Arnim from the estate of Theodore F. von Arnim the tax on which was assessed at 5% and 10% additional, and paid by your petitioner as executor in the sum of [$] 251.67." The petitioner seeks abatement of these legacy and succession taxes.

Each of these beneficiaries was a stranger to the blood of the testatrix. In addition to the property passing by the exercise of the powers of appointment, as above set forth, by section 1 of the testatrix's will, individual property of the testatrix was given to Xoa M. Shafer and Edith C. Baker, and a part of a remainder, after the death of Xoa M. Shafer, in a trust fund of individual property of the testatrix was given to said Carl B. Ferguson. No property passed to said Margaret E. Gleason by the will of the testatrix, except the property passing to her by reason of the exercise by the testatrix of the power of appointment under the will of the testatrix's mother.

First. We consider first whether the legacy and succession taxes here in question — apart from the additional taxes at the rate of ten per cent — can be sustained under G. L. (Ter. Ed.) c. 65, § 2, purporting to impose legacy and succession taxes upon property passing by the exercise or nonexercise of powers of appointment. The legacy and

succession taxes here in question are within the terms of said § 2.

1. The legacy and succession taxes upon the property passing to Xoa M. Shafer, to Edith C. Baker, and to Carl B. Ferguson referred to in subdivisions (1), (3), (4) and (5) of paragraph 11 of the petition, as amended, cannot be sustained under G. L. (Ter. Ed.) c. 65, § 2. That section, by reference to G. L. (Ter. Ed.) c. 65, § 1, requires that property passing by reason of the exercise or nonexercise by the testatrix of powers of appointment be aggregated with individual property of the testatrix for the purpose of determining the legacy and succession taxes upon the combined individual and appointive property. But in *Binney* v. *Long,* 299 U. S. 280, 292–295, the Supreme Court of the United States held that this provision for aggregation of property and interests was unconstitutional, and in *Dexter* v. *Commissioner of Corporations & Taxation, ante,* 31, and in *Putnam* v. *Commissioner of Corporations & Taxation, ante,* 73, this decision was followed, and it was held further that there was no statutory authority for taxing, without aggregation, successions to appointive property resulting from the nonexercise of powers of appointment where the same beneficiaries succeeded also to individual property of the donee of such powers. While in those cases the successions to appointive property resulted from the nonexercise of powers of appointment, the principles underlying those cases are equally applicable to a case like the present where the successions resulted from the exercise of powers of appointment. Xoa M. Shafer, Edith C. Baker and Carl B. Ferguson, by reason of the will of the testatrix, each succeeded not only to appointive property but also to individual property of the testatrix. In the case of each of these beneficiaries the principle of aggregation of individual and appointive property, if valid, would have been applicable. This is true of Carl B. Ferguson even though the interest in individual property of the testatrix to which he succeeded was a remainder, after a life estate, in the trust fund. See *Pratt* v. *Dean,* 246 Mass. 300, 308–309. According to the decisions in the *Binney, Dexter,* and *Putnam* cases, the legacy and

succession taxes here involved upon the successions to appointive property by Xoa M. Shafer, Edith C. Baker and Carl B. Ferguson cannot be sustained under G. L. (Ter. Ed.) c. 65, § 2.

2. The legacy and succession taxes upon appointive property passing to Margaret E. Gleason, referred to in subdivision (2) of paragraph 11 of the petition, as amended, cannot be sustained under G. L. (Ter. Ed.) c. 65, § 2. No individual property of the testatrix passed to the beneficiary. Consequently there was no occasion for the application of the principle of aggregation of individual property and appointive property passing to the same beneficiaries. The question, therefore, is presented, whether G. L. (Ter. Ed.) c. 65, § 2, is to be construed as imposing legacy and succession taxes in cases where the principle of aggregation of individual and appointive property is not applicable, although, under the decisions of the *Binney, Dexter,* and *Putnam* cases, this statute cannot constitutionally impose such legacy and succession taxes, where according to the terms of the statute this principle of aggregation is applicable, with the application of this principle, and the statute is not to be construed as imposing such legacy and succession taxes without the application of this principle.

It is true that "'it is a rule of law that a statute which would be unconstitutional as applied to a certain class of cases, and is constitutional as applied to another class, may be held to have been intended to apply only to the latter class, if this seems in harmony with the general purpose of the Legislature.' Knowlton, C.J. *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239, 241. *W. & J. Sloane* v. *Commonwealth,* 253 Mass. 529, 534 and cases cited." *Harrison* v. *Commissioner of Corporations & Taxation,* 272 Mass. 422, 426. *Dexter* v. *Commissioner of Corporations & Taxation, ante,* 31, 70. However, it does not seem to us "in harmony with the general purpose of the Legislature" to construe G. L. (Ter. Ed.) c. 65, § 2, as imposing legacy and succession taxes upon successions to appointive property where, since there are no successions to individual property of the testator-donee, the principle

of aggregation of individual and appointive property is inapplicable, when, under the decisions in the *Binney*, *Dexter*, and *Putnam* cases, legacy and succession taxes are not imposed by said § 2 upon such successions to appointive property where the same beneficiaries succeeded to individual property of the testator-donee.

Clearly the situation disclosed by the decisions in the *Binney*, *Dexter*, and *Putnam* cases, based on the unconstitutionality of the principle of aggregation of individual and appointive property, as decided by the *Binney* case, was not in the mind of the Legislature. But it is highly improbable that if this situation had been in the mind of the Legislature the Legislature would have intended to impose legacy and succession taxes upon successions to appointive property where the beneficiaries did not also succeed to individual property of the testator, when G. L. (Ter. Ed.) c. 65, § 2, does not have the effect of imposing such legacy and succession taxes upon successions to appointive property where the beneficiaries also succeeded to individual property of the testator-donee. Such a distinction would be discriminatory against beneficiaries of appointive property who did not also succeed to individual property of the testator-donee. And an intention to make this discrimination is not to be attributed to the Legislature in the absence, as here, of any indication of an intention so to discriminate. It is difficult to conceive of any sound reason for making such a discrimination, and the effect of such a discrimination upon the beneficiaries discriminated against might be very disadvantageous. Moreover, ordinarily this discrimination might readily be eliminated and, in some instances, even large legacy and succession taxes upon appointive property be avoided by the testator-donee making small gifts of individual property to the beneficiaries of appointive property. It is hardly to be thought that, if the mind of the Legislature had been directed to the situation disclosed in the decisions of the *Binney*, *Dexter*, and *Putnam* cases, the Legislature would have made a discrimination for which there is so little apparent reason and the effect of which might so easily be avoided. Furthermore, there are at least grave doubts as

to the constitutionality of such a discrimination and a "statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." *United States* v. *Jin Fuey Moy*, 241 U. S. 394, 401. *Kennedy* v. *Commissioner of Corporations & Taxation*, 256 Mass. 426, 430. Consequently, as a matter of construction of G. L. (Ter. Ed.) c. 65, § 2 — in view of the decisions in the *Binney, Dexter,* and *Putnam* cases — the legacy and succession taxes here involved upon the succession to appointive property by Margaret E. Gleason cannot be sustained under said § 2.

Second. The additional taxes, at the rate of ten per cent, upon the successions referred to in the petition as amended, subdivisions (1), (2), (3), (4) and (5) of paragraph 11, cannot be sustained. They must be sustained, if at all, under St. 1936, c. 397. Section 2 of this chapter provides, in part: "All property subject to a legacy and succession tax under the provisions of chapter sixty-five of the General Laws, as appearing in the Tercentenary Edition, and of any further amendments thereof or additions thereto, shall be subject to an additional tax of ten per cent of all taxes imposed by said provisions," and § 5 of this chapter provides, in part: "Section two shall apply only to property or interests therein passing or accruing upon the death of persons who die in the calendar year nineteen hundred and thirty-six."

The legacy and succession taxes referred to in the petition, as amended, to which taxes at the rate of ten per cent were additional, were not taxes imposed under the "provisions of chapter sixty-five of the General Laws, as appearing in the Tercentenary Edition, and of any further amendments thereof or additions thereto," within the meaning of St. 1936, c. 397, § 2. As already pointed out, those taxes cannot be sustained under G. L. (Ter. Ed.) c. 65, § 2. And they cannot be sustained under any other provision of said c. 65, since the donors of the powers of appointment died before May 4, 1920. General Laws (Ter. Ed.) c. 65, § 36, provides that this chapter "shall apply only to property or interests therein passing or accruing upon the death of persons dying on or after May fourth, nineteen hundred and twenty."

The "property or interests therein" described in the petition, as amended, subdivisions (1), (2), (3), (4) and (5) of paragraph 11, did not pass or accrue "upon the death of persons dying on or after" May 4, 1920, within the meaning of said § 36. The "persons" referred to in this section, as applied to the present case, were the donors of the powers of appointment, the testatrix's mother who died November 6, 1892, and the testatrix's father who died December 2, 1900. The testatrix, Albertina von Arnim, the donee of the powers of appointment, who died October 12, 1936, was not one of the "persons" referred to in this section, or in St. 1936, c. 397, § 5. The "property or interests therein" described in the petition, as amended, subdivisions (1), (2), (3), (4) and (5) of paragraph 11, did not pass or accrue upon her death within the meaning of G. L. (Ter. Ed.) c. 65, § 36, or of St. 1936, c. 397, § 5. *Dexter* v. *Commissioner of Corporations & Taxation, ante,* 31, 42–43, 57. *Putnam* v. *Commissioner of Corporations & Taxation, ante,* 73, 77.

Third. The successions referred to in the petition, as amended, subdivisions (1), (2), (3), (4) and (5) of paragraph 11, were subject to legacy and succession taxes at the rate of five per cent under the provisions of St. 1891, c. 425, and applicable acts in amendment thereof and in addition thereto, revised in R. L. c. 15, and of St. 1902, c. 473, if these statutes have not been repealed. Said St. 1891, c. 425, was in force at the date of the death of the testatrix's mother in 1892, and, with some amendments, at the date of the death of the testatrix's father in 1900. Statute 1902, c. 473, which postponed the time for payment of legacy and succession taxes upon devises and bequests "to take effect in possession or come into actual enjoyment after the expiration of one or more life estates or a term of years" "until the person or persons entitled thereto shall come into actual possession of such property," and provided that taxes on such devises and bequests "shall be assessed upon the value of the property at the time when the right of possession accrues to the person entitled thereto," although passed after the deaths of the testatrix's mother and the testatrix's father, was retroactive. *Attorney General* v. *Stone,* 209 Mass. 186.

For the purposes of taxation under St. 1891, c. 425, and acts in amendment thereof and in addition thereto, the successions to appointive property passing to the beneficiaries referred to in the petition, as amended, subdivisions (1), (2), (3), (4) and (5) of paragraph 11, by reason of the exercise by the testatrix of the general powers of appointment created by the wills of her mother and her father, were to be treated as successions to the property of the testatrix's mother and the testatrix's father respectively. *Emmons* v. *Shaw*, 171 Mass. 410. *Hill* v. *Treasurer & Receiver General*, 229 Mass. 474, 476. The provisions of St. 1902, c. 473, were applicable to such property, for the devise and legacies thereof were "to take effect in possession or come into actual enjoyment" after the expiration of life estates in the testatrix. The beneficiaries, being strangers to the blood of the testatrix, were strangers to the blood of her mother and father and were, therefore, in the class of taxable persons. The rate of tax was five per cent. St. 1891, c. 425, § 1. The value of the property passing to each of these beneficiaries from the estate of the testatrix's mother, and to the beneficiary, Xoa M. Shafer, from the estate of the testatrix's father, at the time as of which such property was to be valued under St. 1902, c. 473, exceeded $500, so that these successions were not exempt from taxation by reason of the exemption of bequests, devises or distributive shares not exceeding $500 in value, even if the statutes, or any of them, providing for such exemptions were applicable to the estate of the testatrix's mother or to the estate of the testatrix's father. See St. 1895, c. 307; St. 1896, c. 108; R. L. c. 15, § 1. Statute 1891, c. 425, until amended by St. 1901, c. 297, did not apply to estates not exceeding $10,000 in value. The estate of the testatrix's mother, as well as the estate of the testatrix's father, was much greater than $10,000 in value at the date of the death of the testatrix. The value of each of these estates at the date of the death of the owner thereof does not appear. Whether the value of an estate at the date of the death of the owner thereof is material in a case where, as here, other valuations are made as of the "time when the right of possession accrues to the person entitled" to prop-

erty need not be decided. The petitioner makes no contention that the value of either estate at the date of the death of the owner thereof did not exceed $10,000. At any rate the burden was upon the petitioner to prove this fact if it is material. G. L. (Ter. Ed.) c. 65, § 27. See *Staples* v. *Commissioner of Corporations & Taxation*, 305 Mass. 20, 26.

It follows that, if St. 1891, c. 425, and acts in amendment thereof and in addition thereto, and St. 1902, c. 473, have not been repealed, each of the successions referred to in paragraph 11 of the petition, as amended, was subject to a legacy and succession tax at the rate of five per cent of the value of the property passing to the beneficiary.

In our opinion, St. 1891, c. 425, and applicable acts in amendment thereof and in addition thereto, revised in R. L. c. 15, and St. 1902, c. 473 (see also St. 1907, c. 563, § 25), have not been repealed so far as they relate to property passing by the exercise or nonexercise of powers of appointment created by wills of persons dying prior to September 1, 1907, and after the effective date of St. 1891, c. 425. So far as these statutes relate to property so passing they have not been repealed unless by St. 1909, c. 527, § 8, now appearing in G. L. (Ter. Ed.) c. 65, § 2, which when originally enacted contained the following provision: "The provisions of chapter fifteen of the Revised Laws, chapter four hundred and seventy-three of the acts of the year nineteen hundred and two, chapters two hundred and forty-eight, two hundred and fifty-one and two hundred and seventy-six of the acts of the year nineteen hundred and three, chapter four hundred and twenty-one of the acts of the year nineteen hundred and four, chapters three hundred and sixty-seven and four hundred and seventy of the acts of the year nineteen hundred and five and chapter four hundred and thirty-six of the acts of the year nineteen hundred and six are hereby repealed in so far as they apply to the taxation of property passing through or by reason of powers of appointment created in dispositions of property made subsequent to June eleventh, eighteen hundred and ninety-one and prior to September first, nineteen hundred and seven, which have not been fully exercised prior·

to the passage of this act or the taxes thereon settled under the provisions of chapter four hundred and twenty-one of the acts of the year nineteen hundred and four. The provisions of section twenty-five of chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven are hereby repealed in so far as the same are inconsistent with the provisions of this act."

The obvious purpose of the Legislature in enacting St. 1909, c. 527, § 8, so far, at least, as it relates to the taxation of property passing by reason of the exercise or non-exercise of powers of appointment created by wills of persons dying before September 1, 1907, but after the effective date of St. 1891, c. 425, was to substitute legacy and succession taxes upon the passing of appointive property as if such property was the property of the donees of the powers of appointment for the legacy and succession taxes upon the passing of such property treated as the property of the donors of the powers of appointment imposed by St. 1891, c. 425, and acts in amendment thereof and in addition thereto, and by R. L. c. 15, revising and continuing such statutes. R. L. c. 226, § 2. See *Minot* v. *Treasurer & Receiver General,* 207 Mass. 588, 589–590. To effect this substitution it was necessary to enact legislation imposing legacy and succession taxes upon successions to appointive property as if it was the property of the donees of the powers of appointment, and expressly or impliedly repealing existing statutes imposing legacy and succession taxes upon successions to such appointive property as if it was the property of the donors of the powers of appointment. Since the purpose of the Legislature was clearly to make this substitution, the provisions of § 8 imposing legacy and succession taxes in accordance with the new theory of treating the appointive property as the property of the donees of the powers of appointment and the provisions of the section repealing the existing statutes imposing legacy and succession taxes in accordance with the theory of treating the appointive property as the property of the donors of the powers of appointment cannot be regarded as separable. Although the repeal provisions are express a legislative in-

tent to repeal existing statutes in any event is not disclosed. It does not appear that the Legislature would have repealed the existing statutes if it had not provided a substitute for them. Undoubtedly the intention to repeal those statutes was based on the supposition that the provisions of § 8 for taxing successions to appointive property as the property of the donees of powers of appointment would take the place of the provisions of existing statutes for taxing successions to appointive property as the property of the donors of powers of appointment. But, by reason of constitutional objections, the proposed substitution for the legacy and succession taxes imposed by the statutes in force at the time of the passage of St. 1909, c. 527, § 8, is not effective. *Binney* v. *Long,* 299 U. S. 280, 292–295. *Dexter* v. *Commissioner of Corporations & Taxation, ante,* 31, 57–72. *Putnam* v. *Commissioner of Corporations & Taxation, ante,* 73, 78–79. See also paragraph First, 2, of this opinion. It seems, for the reason here stated, to be "in harmony with the general purpose of the Legislature" (*Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239, 241; *W. & J. Sloane* v. *Commonwealth,* 253 Mass. 529, 534; *Dexter* v. *Commissioner of Corporations & Taxation, ante,* 31, 70, to hold that the repeal provisions of St. 1909, c. 527, § 8, fall with the provisions of this section imposing legacy and succession taxes upon successions resulting from the exercise or nonexercise of powers of appointment created by wills of persons dying before September 1, 1907, and after the effective date of St. 1891, c. 425. See *State* v. *Blend,* 121 Ind. 514, 517–520; *Allen* v. *Raleigh,* 181 N. C. 453, 456–457; *Mazurek* v. *Farmers' Mutual Fire Ins. Co.* 320 Penn. St. 33, 37–38, 102 Am. L. R. 798, and cases collected in notes (pages 802–810); 25 R. C. L. § 166 (pages 913–914).

Fourth. It follows that each of the legacy and succession taxes referred to in the petition, as amended, subdivisions (1), (2), (3), (4) and (5) of paragraph 11, to the extent that such tax was in excess of five per cent of the value of the property passing to the beneficiary named in such subdivision, was "wrongly exacted" within the meaning of G. L. (Ter. Ed.) c. 65, § 27, and that abatement should be granted

of the parts of such taxes as were in excess of five per cent of the value of the property so passing.

Fifth. The petitioner, however, contends, in substance, that the entire amounts of the legacy and succession taxes referred to in the petition, as amended, subdivisions (1), (2), (3), (4) and (5) of paragraph 11, should be abated. This contention cannot be sustained. Legacy and succession taxes to the extent of five per cent of the value of the property passing to each of these beneficiaries were not "wrongly exacted." The Commonwealth was entitled to these taxes. Even if the provisions for certification of legacy and succession taxes contained in G. L. (Ter. Ed.) c. 65, § 27, were not applicable to such taxes imposed by St. 1891, c. 425, and acts in amendment thereof and in addition thereto, a certification under said § 27 of such taxes did not constitute a wrongful exaction of such taxes, for these taxes would be payable without any certification or assessment. They were, in fact, paid by the petitioner, the executor of the will of the testatrix, Albertina von Arnim. It was proper for him as such executor to receive for distribution the property of the estates of the testatrix's mother and of the testatrix's father over which the testatrix had general powers of appointment. *Olney* v. *Balch,* 154 Mass. 318, 322. *Hill* v. *Treasurer & Receiver General,* 229 Mass. 474, 477. *Prescott* v. *St. Luke's Hospital of New Bedford,* 280 Mass. 229, 231. *Old Colony Trust Co.* v. *Clarke,* 291 Mass. 17, 23. *Lovejoy* v. *Bucknam,* 299 Mass. 446, 454–455. *State Street Trust Co.* v. *Kissel,* 302 Mass. 328, 337. As such executor, upon the agreed facts, it was proper for him to pay these legacy and succession taxes, and the receipt of such taxes by the Commonwealth did not constitute a wrongful exaction. Statute 1909, c. 527, § 2, amended St. 1907, c. 563, § 4, so as to provide, in part, that in "all cases where there shall be a grant, devise, descent, or bequest to take effect in possession or come into actual enjoyment after the expiration of one or more life estates or a term of years, the taxes thereon shall be payable by the executors, administrators or trustees in office when such right of possession accrues." It was held in *Attorney General* v. *Stone,* 209 Mass. 186, 192–193, that

this section was applicable to "the tax imposed by St. 1902, c. 473." Consequently it applies to the taxes here involved. If the petitioner, as executor of the will of the testatrix, Albertina von Arnim, was within the scope of the provision quoted, it was his duty to pay the legacy and succession taxes here involved. But if he was not within the scope of this provision, the duty of paying these taxes devolved upon the trustee of the trusts under the wills of the testatrix's mother and of the testatrix's father. And the parties have agreed that the property in these trusts has been turned over by the trustee of these two trusts to the petitioner as executor of the will of the testatrix, Albertina von Arnim, and that he "as said executor agreed to assume and pay all taxes upon said appointed property." The legacy and succession taxes here involved, whether paid by the petitioner in pursuance of a statutory duty resting upon him or in pursuance of his agreement to pay such taxes in discharge of the duty resting upon the trustee of the two trusts, were not "wrongly exacted."

A decree is to be entered abating, in part, the legacy and succession taxes referred to in the petition, as amended, subdivisions (1), (2), (3), (4) and (5) of paragraph 11, upon the property referred to in these subdivisions respectively, as follows: Upon $3,000, referred to in subdivision (1), passing to Xoa M. Shafer, an abatement of $15; upon $2,000, referred to in subdivision (2), passing to Margaret E. Gleason, an abatement of $10; upon $5,000, referred to in subdivision (3), passing to Edith C. Baker, an abatement of $25; upon $74,731.08, referred to in subdivision (4), passing to Carl B. Ferguson, an abatement of $1,904.79; and upon $4,-575.78, referred to in subdivision (5), passing to Xoa M. Shafer, an abatement of $22.88. Since the matter of interest is covered in express terms by G. L. (Ter. Ed.) c. 65, § 27, it will be unnecessary to deal with this matter in the decree. *Dexter* v. *Commissioner of Corporations & Taxation, ante,* 31, 72. *Putnam* v. *Commissioner of Corporations & Taxation, ante,* 73, 81.

*Ordered accordingly.*