MARTHA J. EVANS vs. COMMISSIONER OF CORPORATIONS AND TAXATION.

Middlesex.    November 3, 1959. — November 17, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Taxation,* Succession tax.

Under G. L. c. 65, § 1, as amended by St. 1949, c. 792, an exemption of the full value of multiple family residential property owned by husband and wife as tenants by the entirety and occupied by them as a domicil and of a value less than $25,000 must be allowed in computing the succession tax upon the death of one of the spouses, even though they had occupied only one apartment in the property.

PETITION, filed in the Probate Court for the county of Middlesex on October 8, 1957.

The case was heard by *McMenimen,* J.

*Roy F. Teixeira,* Assistant Attorney General, (*Richard H. Nolan* with him,) for the Commissioner of Corporations and Taxation.

*Francis C. Reynolds,* for the petitioner.

WILKINS, C.J.    Upon this petition for abatement of an inheritance tax there was a decree for the petitioner, and the respondent commissioner appealed.  G. L. c. 65, § 27, as amended through St. 1953, c. 654, § 90.

James J. Evans died on October 4, 1956.  The petitioner is his widow.  On April 20, 1948, they took title as tenants by the entirety to a two family dwelling at 34 Belmont Park, Everett, where they thereafter maintained their domicil, occupying the first floor apartment.  The fair market value of this real estate was $15,000.  The deceased had $550 in cash and another interest as tenant by the entirety in a summer cottage at Dennisport, which was worth $5,000. On February 8, 1957, the respondent determined the value of the personal estate at $550 and of the real estate at $12,500.  The respondent assessed a tax of $198.03 on the

property interests of the deceased acquired by the widow free of any interest of her husband. There would have been no tax had not the respondent in his computation included as part of the taxable interest $7,500 attributable to 34 Belmont Park.

General Laws c. 65, § 1, as amended by St. 1949, c. 792, provides: "All property . . . and any beneficial interest therein which shall arise or accrue by survivorship in any form of joint ownership, or in any tenancy by the entirety in which the decedent contributed during his life any part of the property . . . or of the purchase price . . . to any person . . . shall be subject to a tax . . . Provided, however, that in the case of any beneficial interest arising or accruing by survivorship of a husband or wife in a tenancy by the entirety in single family residential property occupied by such husband and wife as a domicile, there shall be allowed an exemption of such property to the extent of its value, and in multiple family residential property so occupied there shall be allowed an exemption of such property to the extent of twenty-five thousand dollars of its value."

We think that the statute shows a definite and clear intent to allow an exemption of $25,000 on multiple residence property in which the surviving spouse and the deceased spouse had their domicil. There is no language requiring them to occupy the entire property. It would be a most unusual situation should a husband and wife occupy more than one apartment in one multiple residence property. The statute grants an exemption of the entire $15,000 value of the two family dwelling at 34 Belmont Park.

We have no need to consider an argument of the petitioner to the effect that no beneficial interest accrues or arises by survivorship in a tenancy by the entirety so as to create a taxable succession.

The abatement was rightly ordered. No specific reference to interest is necessary. G. L. c. 65, § 27, as amended through St. 1953, c. 654, § 90. See *Ferguson* v. *Commissioner of Corps. & Taxn.* 316 Mass. 318, 331.

The decree is affirmed.

*So ordered.*